U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IVAMAE GREEN, Individually and as                      Index No.: 10 CV 00707
Parent and Natural Guardian of FITZROY                 Purchased: 12/23/09
BARNES,FATIMA BARNES, and
EULACE BARNES, Infants.
                                                **Plaintiffs,**

        **-against-**                                                   **AMENDED COMPLAINT**


CITY OF MOUNT VERNON, SGT. GLENN,                      Basis of Venue:
SGT. CHRIS GALLAGHER, and DET. FEGAN,                  Offices
                                             **Defendants.**
------------------------------------------------------------------X

      Andrew C. Risoli, an attorney admitted to practice law in the Courts of the State of New York under the penalty of perjury, affirms as follows:

      1.    That at all the times hereinafter mentioned Plaintiffs were residents of the County of Westchester, State of New York, residing at 147 N. Seventh Avenue, Mount Vernon, New York.

      2.    That at all the times hereinafter mentioned, the City of Mount Vernon is a city in Westchester County, State of New York.

      3.    That on or about June 24th, 2009 a written Notice of Claim on behalf of the Plaintiff was served upon the Defendant City of Mount Vernon.

      4.    That service of said Notice of Claim was made within ninety (90) days after this incident on June 3, 2009.

      5.    That a 50H Oral Hearing was held on November 24, 2009 by Defendant City of Mount Vernon.

      6.    That more than thirty (30) days have elapsed since the Notice of Claim; and the payment or adjustment of said claim has not been made and has not been refused.

      7.    That this action is commenced within the statutory period provided by law.

8. That at all the time hereinafter mentioned, Sgt. GLENN SCOTT, Sgt. CHRIS GALLAGHER and Detective FEGAN were members of the City of Mt. Vernon Police Department, and that they were Agents of the City of Mt. Vernon, acting in the course of their employment and were engaged in the performance of their duties, and on or about the 3rd day of June 2009 at or about 10:30 P.M. at 15 South 15th Avenue, Mt. Vernon, NY, they were engaged in what was the custom of the Mt. Vernon Police Department in search warrant cases to arrest and confine individuals for prolonged periods on "open" charges, holding Plaintiffs incommunicado and punishing them by imprisonment without trial while conducting their search of Plaintiff's premises.

9. Each of said Police officers through their own individual actions has violated the 4th and 14th Amendments to the U.S. Constitution as they apply to the Plaintiffs. In that Plaintiffs were deprived of their rights to life, liberty or property without due process of law, and they were denied equal protection of the law, by the acts of the City of Mt. Vernon and these police officers.

10. The uninvited invasion of Plaintiff's house was a violation of their privacy and security. These police officers were acting under the color of a statute of the State of New York and the City of Mt. Vernon. Their acts were done under a color of existing ordinances, regulations, customs and usage of the State of New York subjecting Plaintiffs who were lawfully present in their home, of the deprivation of their rights, privileges and immunities secured to them by the 4th and 14th Amendments of the U.S. Constitution. As such they are liable for damages to these Plaintiffs.

11. That on or about June 3, 2009 Fitzroy Barnes, Fatima Barnes, and Eustace Barnes were infant children of Ivamae Green.

Disregarding their said duties, the Defendants, their agents, servants and/or employees, on the 3rd day of June, 2009 at or about 10:30 P.M. the Mt. Vernon Police broke

down the door to Plaintiff's apartment without any prior warning, terrorizing all the Plaintiffs, with guns drawn, handcuffed, and arrested and confined Plaintiff Ivamae Green, performed vaginal searches of Ivamae Green, ransacked Plaintiff's apartment destroying Plaintiffs' property, left without performing any repairs after releasing Plaintiff Ivamae Green without charges and her children Fitzroy, Eustace, and Fatima Barnes, all infants, nor did the Mount Vernon Police provide for the safety of all Plaintiffs, nor return documents seized by the Police from Plaintiff Ivamae Green including her U.S. Immigration Green Card.

12. That Plaintiff Ivamae Green was told that the Mount Vernon Police has forcibly entered the wrong apartment due to an error in said search warrant.

13. These acts by said Police Officers were done by executing a Government Policy and/or customs inflicting the injuries and deprivation of constitutional rights to Plaintiffs.

Said actions are unconstitutional since they are a policy statement, ordinance and/or regulation, a decision officially adopted or promulgated by the City of Mt. Vernon as official policy; and the Mt. Vernon Police represented said policy when inflicting injury on Plaintiffs.

As a result of the wrongful conduct by the Mt. Vernon Police Defendants are guilty of depriving Plaintiffs of their constitutional rights under the 4th and 14th Amendment, causing damages to Plaintiff.

14. Upon applying for a Search Warrant to the Court, these police officers and the City of Mt. Vernon did no investigation as a matter of policy to insure that information they obtained from an informant, had a basis of truth, prior to applying for said warrant.

15. After said warrant was issued by the Court, said police officers and the City of Mt. Vernon as a matter of policy did no investigation to insure that prior to execution of said warrant, that the facts of said warrant were correct, and that persons named in the warrant resided there.

16. That these acts were committed by these police officers as State officials and the redress offered Plaintiffs in State Court against these police officers is different than that which the New York State Court would offer against other individuals, not police officers, guilty of the same conduct. Said acts were committed by the Mt. Vernon Police under the color of authority of New York State.

17. As a result of the wrongful acts of their employees (Mount Vernon Police), the Defendant is guilty of intentional and/or negligent trespass for forcibly entering Plaintiffs' apartment without her permission and/or consent all to Plaintiffs' damage.

18. That at all the times hereinafter mentioned the Defendant City of Mt. Vernon is a public entity, as such is responsible for the supervision and management, control and conduct of its police officers acting within the boundaries of the adapted and implemented detention policies set forth and condoned by the City of Mt. Vernon.

19. The Mt. Vernon Police Officers admitted to Plaintiffs that they were mistaken and entered the wrong apartment.

20. Said Police then continued their search in another apartment which resulted in a seizure of drugs and an arrest of another individual.

AS AND FOR A SECOND

CAUSE OF ACTION

21. Plaintiffs repeat and reallege each and every allegation as set forth in paragraphs designated "1" through "20" as if more fully set forth herein at length.

22. As a result of the wrongful supervision and acts of their employees (Mount Vernon Police) the Defendants are guilty of intentional assault and battery upon all Plaintiffs all to Plaintiffs' damage.

4

## AS AND FOR A THIRD CAUSE OF ACTION

23.  Plaintiffs repeat and reallege each and every allegation as set forth in paragraphs designated "1" through "22" as if more fully set forth herein at length.

24.  As a result of the wrongful acts of their employees as aforesaid (Mount Vernon Police) the Defendants, City of Mt. Vernon, is guilty of negligently supervising their employees causing property damage to Plaintiffs' property.

## AS AND FOR A FOURTH CAUSE OF ACTION

25.  Plaintiffs repeat and reallege each and every allegation as set forth in paragraphs designated "1" through "24" as if more fully set forth herein at length.

26.  As a result of the wrongful conduct of their employees as aforesaid (Mount Vernon Police) the Defendant, City of Mt. Vernon, by their existing customs has negligently or intentionally caused personal injuries and traumatic emotional distress to all Plaintiffs, causing damage to Plaintiffs thereto.

## AS AND FOR A FIFTH CAUSE OF ACTION

27.  Plaintiffs repeat and reallege each and every allegation as set forth in paragraphs designated "1" through "26" as if more fully set herein at length.

28.  As a result of the wrongful supervision and conduct of its employees as aforesaid (Mount Vernon Police) the Defendant, City of Mt. Vernon, is guilty of causing the false arrest and false imprisonment of all the Plaintiffs, causing damages to Plaintiffs thereto.

29.     That the said damages to Plaintiffs were caused solely by the wrongful acts or the negligence of Defendants, their servants, agents, or employees as aforesaid Plaintiffs not contributing thereto.

30.     That by reason of the conduct of Defendant's employees, as aforesaid, these Plaintiffs were rendered sick, sore, lame, and disabled, and their injuries and damages, upon information and belief, are of a permanent nature; that by reason thereof, they have been prevented from following their usual duties and they have been obliged to incur medical expenses and obligations for medicine, medical care, attention and treatment; and they are informed ad verily believe that they will in the future be obliged to incur further expenses and obligations, all to their damage in the sum that does not exceed the jurisdiction of this court, together with the costs and disbursements of this action.

Dated: Eastchester, New York
       December 15 , 2010

/s/
ANDREW C. RISOLI
Attorney for Plaintiff
484 White Plains Road
Eastchester, NY 10709
(914) 793-9241